**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MLB Sales Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>RK Gems LLC, et al.,<br><br>Defendants. | No. CV-23-01526-PHX-DWL<br><br>**ORDER** |

Pending before the Court is Plaintiff's motion for an extension of the service deadline and for leave to serve Defendant Pruthi Belavadi ("Belavadi") via alternative means. (Doc. 8.) For the following reasons, the motion is granted.

**BACKGROUND**

On August 1, 2023, Plaintiff filed the complaint. (Doc. 1.) In broad strokes, the complaint alleges that Plaintiff is "a leading watch seller for all major brand names"; that Plaintiff previously sold "numerous watches and jewelry" to Defendant RK Gems LLC ("RK Gems"), which is an Alaska-based company owned and operated by Belavadi; that in January 2023, Belavadi orally agreed to purchase two Rolex watches and certain other items from Plaintiff for $70,144 and provided "what appeared to be two cashiers' checks made out to [Plaintiff] for $15,575 and $28,000, along with a wire transfer for $8,963, as a down payment on the agreed-upon total price for the inventory"; that Plaintiff allowed Belavadi to leave the store with the Rolex watches; and that when Plaintiff later attempted to cash the cashiers' checks, it learned that the checks were fake and that Belavadi had

reversed or otherwise falsified the wire transfer. (*Id.*) Based on these allegations, Plaintiff asserts various tort and contract claims against RK Gems and Belavadi. (*Id.*)

On August 1, 2023, the Court issued summonses as to both Defendants. (Doc. 6.)

On October 31, 2023, Plaintiff filed proof of service as to RK Gems. (Doc. 7.) It indicates that service was accomplished by serving RK Gems' statutory agent, Northwest Registered Agent, Inc., in Anchorage, Alaska. (*Id.*)

That same day, Plaintiff filed the pending motion. (Doc. 8.) The motion and attachments reveal the following. Documents related to RK Gems that are available on the Alaska Department of Commerce's website indicate (incorrectly) that Belavadi's personal address is the same address in Anchorage, Alaska as that of RK Gems' statutory agent. (*Id.*) "No other genuine address has been located for Belavadi. A skiptrace revealed that Belavadi appears to be using four different social security numbers and multiple fake addresses, many of which are also associated with RK Gems and likewise have been labeled suspect . . . . Additionally, as noted by the process server, Belavadi appears to have 'very little Internet presence, which for me brings up some red flags on its own.'" (*Id.*) Plaintiff has also engaged in recent settlement discussions with an unspecified individual using an RK Gems email account, but that individual "has been careful to avoid providing a name." (*Id.*) "While RK Gems itself has previously listed additional purported locations, some of which are also listed in connection with Belavadi individually . . . , at least several do not exist, are vacant, or are clearly occupied by third parties. This suggests that RK Gems may in fact not have a storefront at all, and that this corporate subterfuge may exist at least in part to keep Belavadi hidden and protected from service or other reach." (*Id.*) "It is clear from negotiations, Defendants' shared contact information in RK Gem[s'] corporate papers and Belavadi's payment on behalf of RK Gems during the course of settlement discussions with the rkgemsint@gmail.com e-mail address, that Belavadi is well-aware of the Complaint and the parties' discussions. However, attempts to obtain a RK Gems storefront or individual residential address for Belavadi to comply with the technical obligations of service[] have thus far been unsuccessful." (*Id.*)

**DISCUSSION**

I.      Extension Of Service Deadline

Rule 4(m) of the Federal Rules of Civil Procedure provides that "if the plaintiff shows good cause for the failure [to serve], the court must extend the time for service for an appropriate period." *Id.* District courts also have "broad" (but not "limitless") discretion to extend the service deadline "even in the absence of good cause." *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007).

Here, Plaintiff has been diligent in its service attempts and has shown good cause to extend the service deadline. Additionally, this case was initiated only a few months ago. Accordingly, Plaintiff's request for a 90-day extension of the service deadline is granted.

II.     Service Via Alternative Means

Rule 4(e) of the Federal Rules of Civil Procedure provides that an individual (with exceptions not relevant here) may be served in a judicial district of the United States by:

    (1)    following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

    (2)    doing any of the following:

        (A)    delivering a copy of the summons and of the complaint to the individual personally;

        (B)    leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

        (C)    delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

(*Id.*) Rule 4.1 of the Arizona Rules of Civil Procedure details the available state-law procedures for serving process within Arizona. Pursuant to Rule 4.1(d) of the Arizona Rules, an individual may be served within Arizona using the same methods outlined in Rule 4(e)(2) of the Federal Rules. Additionally, Rule 4.1(k) of the Arizona Rules provides for alternative means of service: "If a party shows that the means of service provided in

Rule 4.1(c) through Rule 4.1(j) are impracticable, the court may—on motion and without notice to the person to be served—order that service may be accomplished in another manner," in which case "the serving party must make a reasonable effort to provide the person being served with actual notice of the action's commencement" and must, at a minimum, "mail the summons, the pleading being served, and any court order authorizing an alternative means of service to the last-known business or residential address of the person being served."

Arizona's Rule 4.1(k) requires a showing of impracticability. Impracticability in this context requires "something less than a complete inability to serve the defendant" and even "something less than the 'due diligence' showing required before service by publication may be utilized." *Blair v. Burgener*, 245 P.3d 898, 901, 903-04 (Ariz. Ct. App. 2010). In the context of Rule 4.1(k), "impracticable" simply means that the traditional means of service have proved to be "extremely difficult or inconvenient." *Id*. at 903.

Here, the traditional means of service have proved to be impracticable. It appears that Belavadi is actively evading service, despite Plaintiff's extensive efforts to locate and serve him. (Doc. 8 at 5-6 ["[T]he [statutory] agent was unable to accept on behalf of Belavadi, an individual, despite its address being listed as the authorized contact for Belavadi in RK Gems' corporate documentation. The process server investigated service at the Front Street location listed as the address behind the payment made by Defendant Belavadi to Plaintiff. This address does not appear to exist, or else is not occupied by Belavadi. No other address has yet to be located that is specific to Belevadi. With four social security numbers, multiple fake addresses for his company, no apparent actual storefront, and a website that disappeared once the theft was complete, Belavadi's strategy appears to be to avoid service or detection."].) Additionally, Plaintiff's proposed alternative methods of service—"serv[ing] Belavadi with the summons and pleading . . . via service by mail to Northwest Registered Agent Inc. at 821 N. St. Suite 102, Anchorage, Alaska 99501 . . . [and] e-mail service via . . . belavadipruthvi@gmail.com and rkgemsint@gmail.com" (*id.* at 7-8)—constitute "a reasonable effort to provide the person

being served with actual notice of the action's commencement." Ariz. R. Civ. P. 4.1(k)(2).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion (Doc. 8) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's deadline to serve Belavadi is extended to February 28, 2024.

**IT IS FURTHER ORDERED** that service may be accomplished by serving the complaint, the summons, and this order (1) via mail to Northwest Registered Agent Inc. at 821 N. St. Suite 102, Anchorage, Alaska 99501; and (2) via e-mail to belavadipruthvi@gmail.com and rkgemsint@gmail.com.

Dated this 30th day of November, 2023.

Dominic W. Lanza
United States District Judge